Filed 11/24/21  P. v. Carskaddon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C093698 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F07609) |
| v. | |
| DON CARSKADDON, | |
| Defendant and Appellant. | |

Defendant Don Carskaddon appeals from an order denying his postjudgment petition to vacate his murder conviction pursuant to Penal Code section 1170.95.[1] Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, asking this court to independently review the record to determine whether there were any arguable issues on appeal.  Although properly advised

---

[1] Further undesignated statutory references are to the Penal Code.

1

of his right to file a supplemental brief, defendant did not file one. We therefore dismiss the appeal as abandoned.

## BACKGROUND

Based on a shooting spree in two locations, a jury found defendant guilty of the first degree murder of his eldest brother at their mother's home, premeditated attempted murder of another brother and a lodger in the home, and shooting at that inhabited dwelling, as well as shooting at the inhabited dwelling of his former in-laws and their premeditated attempted murders. (*People v. Carskaddon* (July 14, 2009, C059839) [nonpub. opn.] (*Carskaddon*).) The jury also found various gun enhancements true. (*Ibid.*) He was sentenced to prison for an 80-year determinate term and a consecutive minimum indeterminate life term of 78 years, and we affirmed his convictions on appeal. (*Ibid.*)

On June 4, 2020, defendant filed a pro per petition for resentencing under section 1170.95. He declared that he was convicted of first degree murder and four counts of attempted murder following a jury trial; that the prosecution asserted the theory of felony murder or the natural and probable consequences doctrine to convict him of first degree murder; and that he was eligible for relief because he could not now be convicted of first degree murder due to the retroactive changes made to sections 188 and 189, effective January 1, 2019. Defendant requested the appointment of counsel.

The court appointed defendant counsel and ordered briefing by the parties. In response, the People moved to dismiss the petition, arguing, among other things, that as the actual killer defendant failed to state a prima facie case that he was eligible for relief under section 1170.95. The People's motion recounted the facts underlying defendant's crimes as outlined in this court's unpublished opinion in *Carskaddon*.

Defendant's appointed counsel filed a written reply, arguing his declaration sufficiently established his prima facie burden. Defendant requested that the court review the record of conviction to determine whether he had stated a prima facie case for relief,

2

although he urged the court to strike the prosecutor's recitation of the factual summary in *Carskaddon* as inadmissible hearsay.

After considering the petition and the parties' briefing, but before holding a hearing, the trial court denied the petition, finding defendant was ineligible for relief as a matter of law. In so ruling, the court reviewed the record of conviction and determined that defendant had acted alone as the actual shooter; the jury had not been instructed on either the natural and probable consequences theory of accomplice liability or on first or second degree felony murder. The court found it unnecessary to consider *Carskaddon*'s factual recitation in reaching its conclusion. Defendant timely appealed. The case was fully briefed on August 6, 2021, and was assigned to this panel on September 30, 2021.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief requesting *Wende* review of the court's postjudgment order denying defendant's section 1170.95 petition. Counsel properly advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a section 1170.95 petition is an open question. Our Supreme Court is set to resolve the issue in *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted February 17, 2021, S266305.

3

Although appellate counsel asks us to reconsider our decision in *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870[2] (*Figueras*), and asks us to independently review this particular record "in the interest of justice," we decline the invitation to do so in this case and will adhere to *Figueras*.

In *Figueras*, we described the *Anders/Wende* procedure that we held applicable to appeals from section 1170.95 petitions: " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*Figueras*, *supra*, 61 Cal.App.5th at pp. 112-113.)

Because appellate counsel complied with her obligations, and defendant was advised of his right to file a supplemental brief, but did not do so, we dismiss the appeal as abandoned in accordance with the procedures articulated in *Figueras*. (*Figueras, supra*, 61 Cal.App.5th at pp. 112-113; see also *People v. Cole* (2020) 52 Cal.App.5th 1023, 1031-1034, 1036-1037, review granted Oct. 14, 2020, S264278 [*Wende* procedures do not apply to appeal from order denying postconviction petition for resentencing under § 1170.95].)

---

[2] Review was granted in *Figueras* and held for *Delgadillo.*

## DISPOSITION

The appeal is dismissed.

/s/
_____
Duarte, J.

We concur:

/s/
_____
Raye, P. J.

/s/
_____
Hoch, J.